UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **HAUSUAN WADE** <br> **A# 036-799-143** | **CIVIL ACTION NO. 11-1857** |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE MINALDI** |
| **JOE P. YOUNG** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed on October 18, 2011, by *pro se* petitioner, Hausuan Wade, pursuant to 28 U.S.C. §2241. Petitioner is an immigration detainee in the custody of the Department of Homeland Security/United States Immigration and Customs Enforcement (DHS/ICE). He is presently detained at the Federal Detention Center, Oakdale, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

*Statement of the Case*

Petitioner is a native and citizen of Antiqua and Barbuda. He claims that he is also a derivative citizen of the United States, having obtained same through his grandparents and mother. More specifically, he states that he has lived in the United States since the age of four, at which time his grandfather, a United States citizen, applied for him to be admitted into the

United States as a lawful permanent resident. Petitioner states that his mother (who is now a United States citizen) was a lawful permanent resident when he entered the United States, and that his maternal grandmother is also an American citizen. Finally, he states that he is married to a United States citizen.

Petitioner claims that as a derivative citizen of the United States he is not removable. He explains that he was placed in removal proceedings after being convicted of assault on a police officer, and assault and battery. As a result, he was first ordered removed on November 25, 2002. Thereafter, his motion to reopen the matter was granted but he was again ordered removed on July 1, 2008. Petitioner appealed the immigration judge's decision, and the Board of Immigration Appeals remanded the case to the immigration judge. A final order of removal was issued on September 16, 2010. Petitioner states that he was not aware of the information on his derivative citizenship status during the removal proceedings.

Through this §2241, petitioner is challenging the validity of his removal based upon his claim that he can prove that he has derivative citizenship status. He seeks immediate release.

*Law and Analysis*

1. *Jurisdiction*

At the outset, this court must consider whether it has jurisdiction to review petitioner's challenge to his removal order.

Section 106(a) of the REAL ID Act of 2005 (See Pub.L.No.109-13, Div. B, 119 Stat. 231) amends INA § 242(a) to provide that a petition filed in the appropriate court of appeals in accordance with §242 is the sole and exclusive means for obtaining judicial review of an order of removal and that a petition for writ of *habeas corpus* is not an appropriate vehicle for

challenging a removal order.[1] These jurisdictional amendments became effective on May 11, 2005.  See § 106(b).

It is therefore clear that this court lacks jurisdiction to consider this *habeas corpus* petition which, in actuality, challenges petitioner's order of removal.

Finally, since this petition was filed <u>after</u> the enactment of the REAL ID Act of 2005, this court cannot transfer the case to the court of appeals for the circuit in which a petition for review could have been properly filed.  *See* § 106(c) of the REAL ID Act.  Therefore,

**IT IS RECOMMENDED** that the petition for writ of *habeas corpus* be **DENIED** and **DISMISSED** for lack of jurisdiction.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** ***Douglas v. United Services Automobile Association,*** **79 F.3d 1415 (5th Cir.1996).**

---

[1] Section 106(a)(1)(A)(iii) of the Act added the following language to INA §242(a): "(5) Exclusive means of Review:  Notwithstanding any other provision of law . . .  including section 2241 of Title 28, or any other habeas corpus provision, and section 1361 and 1651 of such title*, a petition filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter. . .* "  (emphasis supplied).

THUS DONE this 23rd day of January, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE